**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JONATHAN RODRIGUEZ QUIJANO**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-1362-KSM** |
| **BERKS COUNTY SHERIFF DEPARTMENT,** et al., | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                    **DECEMBER 21, 2020**

Plaintiff Jonathan Rodriguez Quijano, a state prisoner currently incarcerated at SCI Houtzdale, brings this civil action pursuant to 42 U.S.C. § 1983 against the following Defendants:  (1) Berks County Sheriff Department; (2) Reading Police Department; (3) Craig Thorn (identified in the Complaint as a "Deputy Sheriff"); (4) Chris Gorel (identified as a "Deputy Sheriff"); (5) Pedro Roldan (identified as a "Deputy Sheriff"); (6) Guy Lehman (identified as a "Deputy Sheriff"); (7) Larry Snyder (identified as a "P.A. State Parole Agent"); and (8) Dale R. Trythall, Sr. (identified as "Reading City Police Department").  (Doc. No. 2.) Quijano has also filed a Motion for Appointment of Counsel (Doc. No. 8) and two Motions for Extension of Time to File an Amended Complaint (Doc. Nos. 9 & 10).  For the following reasons, the Court will dismiss Quijano's complaint, grant him leave to file an amended complaint, and deny his request for appointment of counsel at this time.

## I.   *Factual Allegations*

The allegations in Quijano's complaint are brief.  Quijano alleges that on March 15,

2018, "Berks County Sheriff" entered his home in Reading, Pennsylvania looking for "Fernado

Rodriguez."  (Doc. No. 2 at pp. 4–5.[1])  While looking for Rodriguez, "the Berks Sheriffs

observed two rife [sic] each room" and "they" conducted an investigation to determine the owner

of the firearms.  (*Id.* at p. 5.)  Quijano further avers that "everyone in the house [was detained]

without Miranda warnings"[2] and that he was "interrogate[d] by Berks County Sheriff" in

violation of his "constitutional right to privacy."  (*Id.* at pp. 5–6.)  Last, he alleges that the Berks

County Sheriff "aid[ed] Reading Police" in "enter[ing the] house without [a] warrant," causing a

violation of the "4th Amendment [and] 5th Amendment."  (*Id.*)

Quijano seeks "money damages [and] punitive damages" in the amount of $25,000,000

for the loss of his "house and belonging[s]" and "time being confined."  (*Id.*)

## II.   *Standard of Review*

The Court previously granted Quijano leave to proceed *in forma pauperis* because it

appeared that he was incapable of paying the fees to commence this civil action.[3]  (Doc. No. 7.)

Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, and the Court must dismiss the complaint if

it fails to state a claim upon which relief can be granted.  Whether a complaint fails to state a

claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d

236, 240 (3d Cir. 1999).

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] However, because Quijano is a prisoner, he was advised that he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

"To survive a motion to dismiss under Rule 12(b)(6), the pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Lawal v. McDonald*, 546 F. App' x 107, 110 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted).  A pleading may satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94.  The important consideration for the court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (quotations omitted)).

However, if a pleading  "is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it," then it will not satisfy Rule 8.  *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (quotation marks omitted)).  And dismissal is warranted when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.    Discussion

Quijano brings claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.

(Doc. No. 2 at p. 3.)  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Claims Against the Sheriff Department and Police Department

Quijano names the Berks County Sheriff Department and Reading Police Department as defendants.  But a "police department without a corporate existence separate from that of its municipality is not a legal entity amenable to suit." *Setchko v. Twp. of Lower Southampton*, No. CIV.A. 00-3659, 2001 WL 229625, at *2 (E.D. Pa. Mar. 8, 2001); *see also Meininger v. Citizens Voice Newspaper*, Civil No. 3:20-CV-1563, 2020 WL 6165302, at *5 (M.D. Pa. Sept. 25, 2020) ("[I]t has been repeatedly held that a police department is not a 'person' for purposes of § 1983 and therefore is not a proper defendant in a § 1983 action.") (collecting cases).  Quijano has not alleged that the Sheriff's Department has a separate corporate existence from that of Berks County or that the Police Department has a separate corporate existence from that of the City of Reading.  Therefore, we dismiss without prejudice the claims brought against the two Departments. *See Mitros v. Cooke*, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001) (dismissing all claims against the Police Department because there were "no allegations that the Police

4

Department has a separate corporate existence from that of the Borough of Glenolden"); *Setchko*, 2001 WL 229625, at *2 (dismissing the Police Department because there were "no allegations that the Police Department has a separate corporate existence from that of Lower Southampton").

### B.    *Claims Against the Individual Defendants*

The complaint does not specify whether the individual Defendants are being sued in their official and/or individual capacities, but under either analysis, Quijano has failed to state plausible claims against them.

#### 1.    *Official Capacity Claims*

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  For that reason, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To the extent that Quijano brings an official capacity claim against Agent Snyder, identified as a Pennsylvania State Parole Agent, his claim is barred by the Eleventh Amendment. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[4]  *See Will v.*

---

[4] However, state officials sued in their individual capacities are "persons" within the meaning of § 1983.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under § 1983 against state officials in their individual capacities.  *Id.*

*Mich. Dep't of State Police*, 497 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003) (explaining that Eleventh Amendment immunity "extends to state agencies as well as state officials sued in their official capacities for monetary damages"). Accordingly, Quijano may not pursue his claim against Snyder in his official capacity, and this claim will be dismissed with prejudice.

The remaining individual Defendants are municipal, not state, employees, and therefore, the § 1983 claims against them are not barred by the Eleventh Amendment. *See e.g.*, *Mitros*, 170 F. Supp. 2d at 506 ("Municipalities and other local government units can be sued under § 1983[.]"). To state a § 1983 claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy this pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Because Quijano has failed to identify a policy or custom of Berks County or the City of Reading that violated his rights, his official capacity claims against the remaining individual Defendants are not plausible and are also dismissed. However, because we cannot say at this time that Quijano will never be able to state a plausible claim for municipal liability, these claims will be dismissed without prejudice. Quijano will be granted leave to file an amended complaint within thirty days.

6

2.      *Individual Capacity Claims*

That leaves Quijano's claims against the individual Defendants in their individual capacity.  When a civil rights claim is brought against an individual defendant, the complaint must allege that the defendant was "personal[ly] involve[d] in the alleged wrongs" for liability to attach under § 1983.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Quijano's complaint does not attribute any conduct to any of the individual Defendants.  Instead, Quijano describes the events in a generalized manner and broadly states that the "Berks County Sheriff" investigated the "owner of firearms" and "detain[ed] everyone in the house without Miranda warnings."  (Doc. No. 2 at p. 5.)  Similarly, the complaint alleges that the "Reading Police" entered his house without a warrant.  (*Id.*)  Even construing Quijano's complaint liberally, these pleading deficiencies make it challenging to screen the complaint and would make it difficult for a defendant to meaningfully respond to the pleading.  *See Lawal*, 546 F. App' x at 113 (finding that the complaint, which relied on the "repeated and collective use of the word 'Defendants,'" was ambiguous about each defendant's role in the events giving rise to plaintiff's claims).

Because the complaint does not allege any specific actions (or inactions) attributable to any individual defendant, Quijano has failed to show that any of the individual Defendants were personally involved in the alleged constitutional violations.  Therefore, we find that Quijano has failed to state a plausible § 1983 claim against the individual Defendants in their individual capacity.  *Cf. Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("Baraka does not allege

7

specific, personal involvement on the part of the unknown defendants, and, accordingly, the District Court did not err in dismissing the claims against them."); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[U]nder the liberal notice pleading standard of Rule 8(a), Evancho's amended complaint fails to allege facts that, if proven, would show Attorney General Fisher's personal involvement in Evancho's transfer. . . . [S]he does not identify the date her transfer was ordered, who ordered it, the date or means by which she was informed of the transfer, who told her that she was being transferred, or where that communication was made.").

Although Quijano has failed to state a plausible § 1983 claim against the individual Defendants in their individual capacity,[5] the Court is not prepared to find that Quijano cannot, if granted the opportunity, state a plausible claim for relief.  Accordingly, these claims are dismissed without prejudice, and Quijano will be granted leave to file an amended complaint within thirty days.

## IV.    *Conclusion*

For those reasons, the Court dismisses Quijano's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The official capacity claim against Agent Snyder is dismissed with prejudice.  The remaining claims are dismissed without prejudice to Quijano's right to file an amended complaint within thirty days in the event he can state a plausible claim against an appropriate defendant or defendants.[6]  *See Grayson v. Mayview State Hosp.*, 293 F.3d

---

[5] Quijano also avers that he was not read his *Miranda* rights.  (Doc. No. 2 at p. 5.)  To the extent Quijano contends that the failure to have his *Miranda* rights read amounts to a constitutional violation, this claim is not plausible because he fails to plead that he made any statements in the course of a custodial interrogation and that any such statements were used against him in the course of a trial. *See Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial.").

[6] Because Quijano may file an amended complaint within thirty days, we will deny as moot his Motions for Extension of Time to File an Amended Complaint (Doc. Nos. 9 & 10).

103, 114 (3d Cir. 2002).  Quijano's Motion for Appointment of Counsel will be denied without

prejudice at this time.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) ("Before the court is

justified in exercising its discretion in favor of appointment [of counsel], it must first appear that

the claim has some merit in fact and law." (quoting *Maclin v. Freake*, 650 F.2d 885, 887 (7th

Cir. 1981))).

      An appropriate order follows.